MARIE C. GERLING, Appellant, *vs.* IRA D. LAIN *et al.*
Appellees.

*Opinion filed October 27, 1915.*

1. DEEDS—*restrictions upon the use of property are not favored.*
In construing a deed which conveys a fee, restrictions and limi-
tations upon the use of the property are not favored, and, as a
general rule, all doubts are resolved against them.

2. SAME—*what necessary to authorize a court of equity to en-
force personal covenant.* While a court of equity may, in a proper
case, enforce a personal covenant against a grantee or an assignee
with notice, yet to authorize it to do so the instrument must be
clear, unambiguous and certain, and of such a character that a
court of equity can make an efficient decree and enforce it.

3. SAME—*what is not a covenant running with the land.* A
provision in a deed that the purchaser of a lot adjoining one owned
by the grantors shall within two years construct a cement drive-
way along the east side of the premises, which the grantors shall
have the right to use for access to their adjoining premises so long
as friendly relations exist between the parties, is not a covenant
running with the land but is a personal covenant, and since either
party may terminate the easement when friendly relations cease to
exist, the covenant is not one which a court of equity will enforce
against a purchaser, with notice, from the grantee.

APPEAL from the Circuit Court of McLean county; the
Hon. C. D. MYERS, Judge, presiding.

LIVINGSTON & BACH, and WELTY, STERLING & WHIT-
MORE, for appellant.

BRACKEN & YOUNG, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of
the court:

Appellant, Marie C. Gerling, filed her bill in the circuit
court of McLean county October 23, 1913, in which she
alleges that prior to and on September 6, 1910, she was
the owner of lot 22, in Fairview subdivision of part of the
east half of the southeast quarter of section 3, town 23,

269 — 22

north, range 2, east of the third principal meridian, the same being in the city of Bloomington, Illinois, and that on said date she and her husband entered into a contract for the sale of said property with appellee Ira D. Lain. Among other things this contract provided that the party of the second part (Lain) "agrees to construct cement driveway on east side of said premises for the purpose of access to their adjoining premises for vehicles, so long as friendly relations exist between the parties hereto and said right is not abused, said driveway to be constructed within two years from this date." The contract further provided that "the covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties." The bill avers that appellant and her husband on September 19, 1910, executed and delivered a warranty deed to appellee Ira D. Lain conveying said lot 22. This deed contained a provision that "grantee by his acceptance of this deed agrees that within two years from date hereof he will construct a cement driveway along the east side of said premises, which first parties grantors should have the right to use for access to their adjoining premises with vehicles so long as friendly relations exist between said parties. Said right is not to be abused." The bill alleges that appellee Ira D. Lain and his wife, March 30, 1912, by warranty deed conveyed said lot 22 to appellee Walter S. Johnson. The bill avers that from the execution and delivery of the deed from appellant and her husband to Lain until October 1, 1913, she used the east ten feet of said lot 22 for the purpose of access to their adjoining premises; that prior to the execution of the contract with Lain, and continuously to the present time, appellant owned the premises adjoining said lot on the east, and that a residence on the west side of said lot is adjacent to the east line of said lot 22. The bill alleges that neither Lain nor Johnson has constructed said cement driveway as provided in the contract

and deed before mentioned but both refuse to construct the same, and that Johnson now refuses to permit appellant and her tenants to use the said strip of land and has constructed an iron fence along the east line of said lot 22. The bill alleges appellant has never released appellees from the provisions of the contract or deed; that an easement exists in a ten-foot strip of land along the east side of said lot 22 as being valuable and essential to the enjoyment of appellant's abutting premises. The bill avers that while no mention of such driveway is made in the deed from Lain to Johnson, said Johnson had notice of the covenants contained in the contract of September 6, 1910, and of the deed of September 19, 1910, before mentioned. The bill alleges that up to the present time friendly relations have existed between Lain and appellant, and avers the construction and use of said driveway will not impair nor injure the remainder of said lot 22 now owned by Johnson. The bill prays that the covenant contained in the contract of sale of September 6, 1910, and in the deed of September 19, 1910, be specifically enforced; that appellees be compelled to construct a driveway on the east side of lot 22 ten feet wide, or on so much of it as may be necessary, for access to the adjoining property by vehicles, and that appellant, her heirs and assigns, be decreed to forever have an easement in said premises for driveway purposes for access to her adjoining lot.

Appellees filed a demurrer to said bill, in which they set up as grounds for demurrer that the alleged covenant contained in the contract of September 6, 1910, and the deed of September 19, 1910, was not a covenant running with the land, and being but a personal covenant between appellant and appellee Lain, the appellant has no rights as against appellee Johnson; also that said bill does not allege any facts which in law would constitute a recognition by Johnson of any easement claimed by appellant; and further, that the bill does not aver that friendly relations

have heretofore existed and do now exist between appellant and Johnson. The court, upon hearing, sustained the demurrer, and appellant electing to stand by her bill, the bill was dismissed for want of equity, and this appeal is prosecuted from that decree.

"A covenant is said to run with the land when either the liability to perform it or the right to take advantage of it passes to the vendee or other assignee of the land. A personal covenant, or one not running with the land, does not so operate but binds only the covenantor personally, or, in certain cases, those who take lands which are subject to restrictive covenants, with notice thereof." (7 R. C. L. 1099.) Whether the appellant can enforce the provisions of this contract and deed against Johnson depends upon whether it was the intention of appellant and Lain to enter into said agreement for the benefit of appellant's lot which she retained, and this intention is to be ascertained from the language of the contract and deed construed in the light of surrounding circumstances. (*Hutchinson* v. *Ulrich,* 145 Ill. 336; *Hays* v. *St. Paul M. E. Church,* 196 id. 633.) In construing such provisions when a fee is conveyed, restrictions and limitations upon the use of the property are not favored, and all doubts, as a general rule, are to be resolved against them. *Eckhart* v. *Irons,* 128 Ill. 568; *Ewertsen* v. *Gerstenberg,* 186 id. 344; *Hays* v. *St. Paul M. E. Church, supra.*

We construe the provision in both the contract and deed as at most but a personal covenant between the parties, not for a perpetual easement in land but in the nature of a license, terminable by the action of either party at any time when friendly relations ceased to exist between them; and while a court of equity may in a proper case enforce a personal covenant against a grantee or assignee with notice, (*Willoughby* v. *Lawrence,* 116 Ill. 11,) to authorize it to do so the instrument must be clear, unambiguous and certain and of such character that a court of equity

can make an efficient decree and enforce it when made. (*Sellers* v. *Greer,* 172 Ill. 549; *Carson* v. *Davis,* 171 id. 497.; *Long* v. *Long,* 118 id. 638; *Woods* v. *Evans,* 113 id. 186.) The contract for the conveyance by appellant to Lain was made between appellant and her husband on one side and Lain on the other. It recites that it is mutually agreed between the parties that the covenants and agreements therein should extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties. This latter provision is not contained in the deed, which recites that the grantee agrees within two years to construct a driveway along the east side of the premises, which the grantors should have the right to use for access to their adjoining premises with vehicles so long as friendly relations should exist between the parties, said right not to be abused. It is evident it was not in the contemplation of the parties that the right of passage should be perpetual and run with the land, but that it should continue while friendly relations existed between the owners of the two lots. It would be a perversion of the meaning of the parties to say that it was intended to continue as long as friendly relations existed between the appellant and husband and Lain after the latter had sold and conveyed his lot to another. The friendly relations referred to must have meant friendly relations between the owners of the adjoining lots. If Johnson took the lot subject to the right of a passageway over it by appellant he took it subject to all the conditions imposed, which would include the right to terminate it when friendly relations ceased to exist between the respective parties or in case the right was abused. In this view we think the bill was obnoxious to demurrer in not alleging the existence of friendly relations between the Gerlings and Johnson. But the more serious objection to the bill is that it does not present a case where a court of equity can render an efficient decree and enforce it. The right of appellant to the passageway is not, and was not

intended to be, absolute. It was to continue only during the existence of friendly relations between the respective owners of the lots. When such relations ceased to exist either party might terminate it. In such case a court of equity will not decree specific performance.

The decree is affirmed.