**JOHNSON et al. v. WELLBORN et al.**

No. 11410.

Court of Civil Appeals of Texas. San Antonio.

June 7, 1944.

Rehearing Denied July 12, 1944.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellants.

Jack Pope, of Corpus Christi, for appellees

MURRAY, Justice.

This suit was instituted by Jack Wellborn, J. E. Graves, Sam E. Wilcox, J. V. Geren, R. W. Duncan and Ned W. Beaudreau, individually and as representatives of other persons similarly situated, against A. F. Johnson, L. T. Adamson and J. H. Clark, Inc., seeking a mandatory injunction to enforce a building restriction covenant pertaining to a subdivision known as Arcadia Village in Nueces County, being an addition to the City of Corpus Christi. The controversy arose out of the construction of a house upon Lot 5, Block 19, of Arcadia Village.

The trial was to the court without the intervention of a jury and resulted in a judgment favorable to plaintiffs; from that judgment defendants have appealed.

Appellants first contend the court erred in holding that the house constructed on Lot 5, Block 19, violated the restrictions of Arcadia Village, or any part of them.

The trial judge made the following findings of fact and conclusions of law:

"Findings of Fact

"1. That the plaintiffs are each owners of lots in Arcadia Village, an addition to

the City of Corpus Christi, Nueces County, Texas.

"2. That the defendant, A. F. Johnson, is the owner of Lot 5 in Block 19 of Arcadia Village, an addition to the City of Corpus Christi, Nueces County, Texas.

"3. That the defendant, L. T. Adamson, is the contractor who erected a structure upon Lot 5 in Block 19 of said subdivision.

"4. That J. H. Clark, Inc., is the owner of a number of vacant lots throughout said subdivision.

"5. That Arcadia Village is·a restricted subdivision, said restrictions pertaining to said subdivision having been placed of record prior to the sale of any lots in said subdivision, and among other conditions, limitations, and restrictions, the following restriction is contained in the restrictions for Arcadia Village.

"(H) 'No building shall be erected on any lot until the design and location thereof have been approved in writing by a committee appointed by the subdivider or elected by a majority of the owners of lots in said subdivision. However, in the event that such committee is not in existence or fails to approve or disapprove such design or location within 30 days, then such approval will not be required provided the design and location on the lot conform to and are in harmony with existing structures in the tract, in any case either with or without the approval of the committee, no dwelling costing less than $2500.00 shall be permitted on any lot in the tract, and the· ground floor square foot area thereof shall not be less than 800 square feet in the case of a one-story structure nor less than 600 square feet in the case of a one-and-one half (1-½) or two-story structure."

"6. That the following described portion of said Subdivision, to-wit: Lots 25 to 30 in Block 12, all of Blocks 13, 14, 15, 16, 17, 18, 19 and 20: has a distinct residential characteristic and that the house erected on Lot 5 in Block 19 by the defendants A. F. Johnson and L. T. Adamson, does not conform to and is not in harmony with the existing structures situated in said portion of said subdivision.

"7. That the defendant J. H. Clark, Inc., contemplates and intends to dispose of the vacant lots owned by it within the above described portions of said subdivision to person or persons, firms or corporations, who will build houses similar to the house erected on Lot 5 in Block 19 of said subdivision.

"8. That the plaintiffs residing within said portion of said subdivision have not waived their· rights to insist upon compliance with restrictions pertaining to said subdivision.

"9. That the general scheme of restrictions pertaining to said subdivision have not been violated to the extent that the general scheme has been abandoned and the same cannot be conserved by strict adherence thereto.

"Conclusions of Law

"1. That the plaintiffs are entitled to a mandatory injunction requiring the defendants A. F. Johnson and L. T. Adamson, to move said house erected· on Lot 5, Block 19, of Arcadia Village, an addition to the ·City of Corpus Christi, from the area in said subdivision described as follows:

"Lots 25 to 30 in Block 12, all of Blocks 13, 14, 15, 16, 17, 18, 19 and 20.

"2. That the plaintiffs are entitled to an injunction restraining the defendant J. H. Clark, Inc., from selling or otherwise disposing of any lots in said portion of said subdivision to person or persons, firms or corporations who would erect house similar to the house now erected on Lot 5 of Block 19 of said subdivision.

"3. That the violations of said restrictions in said portion of said subdivision are not sufficient to constitute a waiver on the part of these plaintiffs nor show an abandonment of said limitation as to said portion of said subdivision."

Upon these findings and conclusions the trial judge rendered judgment, the pertinent part of which is as follows:

" * * * the Court * * * is of the opinion that the plaintiffs are entitled to the relief sought in their first amended original petition, in so far as such relief pertains to the following described portions of Arcadia Village, an addition to the City of Corpus Christi, Nueces County, Texas, according to the map or plat of said subdivision of record in the Deed Records of Nueces County, Texas, to-wit: Lots 25 to 30 in Block 12, all of Blocks 13, 14, 15, 16, 17, 18, 19, and 20.

"It is therefore accordingly ordered, adjudged and decreed by the Court that the defendants A. F. Johnson and L. T. Adam-

son are perpetually enjoined to remove the house now located on Lot 5 in Block 19 of Arcadia Village, an addition to the City of Corpus Christi as shown by the map or plat of said subdivision of record in the Deed Records of Nueces County, Texas, from said lot and said hereinabove described portion of said subdivision, and they are hereby commanded so to do within sixty days from this date.

"It is further ordered, adjudged and decreed by the Court that the defendant J. H. Clark, Inc., be and it is hereby perpetually enjoined from selling or in any manner disposing of any vacant lots now owned by it in said hereinabove described portion of said Arcadia Village, to any person or persons, firms or corporations who might or intend to construct thereon houses similar to the house located on Lot 5 Block 19 of said subdivision which is not in accordance with restrictions pertaining to said subdivision."

There can be no question that the house built on Lot 5, Block 19 cost more than $2,500.00 and has at least 800 square feet of floor place. It is also plain that the trial court based his judgment upon his finding of fact No. 6, to the effect that the house built on Lot 5, Block 19, was not in harmony with the existing structures situated in a certain designated portion of Arcadia Village.

Restriction "H" as above set forth did not require that such a house would have to be in harmony with other structures in only a portion of Arcadia Village, but it would have to be in harmony with other structures in the entire village. The area designated by the trial judge is something like thirty-five per cent of the total area of the village. He thereby impliedly found that the house in question was in harmony with the structures in sixty-five per cent of the total area of the village, because he denied any injunction as to that area.

It is contended that the village was developed in three separate tracts and that the territory designated by the trial judge as being subject to the restriction was first developed, and that all the houses in this particular area are houses having beauty and architectural uniqueness, while the house objected to is to the contrary. It occurs to us that it is unimportant that this area was first developed. The restriction was not as to any fractional part of Arcadia Village but as to the entire village.

It is shown that there are seventy-one houses in Arcadia Village which are in harmony with and conform to the house objected to on Lot 5, Block 19. Therefore, we can not say that it does not conform to other structures in Arcadia Village.

The restriction must be enforced as written and can not be stretched, enlarged, extended or changed by construction. Where the restriction states that a house must be in harmony with and conform to other structures in the entire village the court is without authority to change, enlarge or extend such restriction to read that if a new house is to be built it must be in harmony with and conform to the other structures in only a part of Arcadia Village. 26 C.J.S., Deeds, § 163, p. 517; Quatman v. McCray, 128 Cal. 285, 60 P. 855; Easterbrook v. Hebrew Ladies Orphans Society, 85 Conn. 289, 82 A. 561, 45 L.R.A.,N.S., 615; Hawes v. Favor, 161 Ill. 440, 43 N.E. 1076; Eckhart v. Irons, 128 Ill. 568, 20 N.E. 687.

It is also well settled that restrictive covenants are to be construed strictly against the persons seeking to enforce them, and all doubt must be resolved in favor of natural rights and a free use of property and against restrictions. Baker v. Henderson, 137 Tex. 266, 153 S.W.2d 465; Settegast v. Foley Bros. Dry Goods Co., 114 Tex. 452, 270 S.W. 1014; Ragland v. Overton, Tex.Civ.App., 44 S.W.2d 768.

It is admitted that there are seventy-one other houses in Arcadia Village that are similar to the house in question on Lot 5, Block 19, but it is also admitted that none of these seventy-one houses are located in that part of the area designated by the trial court as being entitled to injunctive relief herein. Appellees contend that inasmuch as the restriction has not been violated in this area they have not waived their right to have the restriction enforced in their neighborhood. We agree with this proposition of law as an abstract proposition but conclude that it has no application here. The restriction here relied upon is rather vague and uncertain and at most could be construed as meaning that a house to be built must be in harmony with and conform to a number of the structures in the area. It could not conform to each and every house because they are generally different from each

842

other. Whatever may be the exact meaning of this vague and general restriction it could not be given the meaning that the construction of a house could be enjoined that was in harmony with and conformed to seventy-one other houses already built in the village.

Accordingly the judgment of the trial court will be reversed and judgment here rendered that appellees take nothing and pay all costs of this and the court below.

Reversed and rendered.