**Russell E. BROWN et ux, Judy Brown, Appellants,**

v.

**Mr. & Mrs. E. L. WEHNER et al., Appellees.**

**No. 17768.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 23, 1980.

Rehearing Denied Dec. 11, 1980.

Richard I. Colton, Houston, for appellants.

Delange, Hudspeth, Pitman & Katz, Eugene Pitman, Houston, for appellees.

Before PEDEN, EVANS and WARREN, JJ.

EVANS, Justice.

This is a declaratory judgment action to judicially construe the restrictions of Pine Wood Estates, a subdivision in Harris County.

The sole question on appeal is whether these restrictions permit two residences to be located on a parcel of land comprising less than two original lots as such lots are designated on the subdivision plat.

The plaintiffs own a parcel consisting of lot 1 and the adjoining 45 feet of lot 18 in block 1, located as shown on the attached subdivision plat. One residence has already been constructed on the remainder of lot 18, and the plaintiffs propose to erect two additional residences on this parcel, resulting in three residences being situated within the boundaries of two of the original lots.

The trial court denied the plaintiffs' motion for summary judgment and granted that of the defendants, impliedly finding that the restrictions allowed only one residence per lot as the lots were originally platted.

The pertinent paragraphs of the subdivision restrictions are:

4—BUILDING SITES. No building site shall have less than ten thousand (10,000) square feet in area, or a front width of less than sixty-one (61) feet, and no building may be erected on property having an area or frontage less than these minimum requirements. The side and front line clearances provided in the preceding restriction (that is, clearance from the property lines of the building site) shall be continuously maintained as to all improvements *and there shall be no resubdivision or division of lots in such manner as will impair the minimum side and front line clearance required.* (Emphasis added).

7 . . . *[A]ll lots (or building sites composed of one or more lots)* in Pine Wood Estates, *shall be used for single family residential purposes only, and no structure shall be altered, placed, erected, or permitted* to remain *on any lot* (or building site) *except one single family residence* . . . (Emphasis added).

The plaintiffs contend that the summary judgment proof shows that three residences may be located on their parcel of land in such manner that the building site property lines do not impair the minimum side and front line clearances specified in paragraph 4 of the restrictions. Thus, the plaintiffs argue that their plan does not violate the restrictions because the restrictions only prohibit the "resubdivision or division of lots in such manner as will impair the minimum side and front clearance required."

The appellees do not dispute the factual basis for the plaintiffs' contention, but they argue that the provisions of paragraph 7 of the restrictions should be interpreted to permit only one residence on each original lot as such lots are designated on the subdivision plat. The defendants argue persuasively that the subdivision plat reflects a uniform scheme and plan for the development of Pine Wood Estates and that the obvious purpose of the two quoted paragraphs is to regulate the density of residences within the subdivision. Contending that the underlined portion of paragraph 7 would have no meaning if plaintiffs' contention is given effect, the defendants argue that the terms of paragraph 4, impliedly authorizing the subdivision of an existing lot, merely allow an owner of two or more lots to increase the size of a building site by building a residence on one full lot and a fractional portion of an adjacent lot. Thus, the defendants contend that the restrictions permit a building site for a residence which consists of more than one original lot but do not permit the construction of more than one residence on each original lot, even though specified minimum side and front line clearance requirements would be satisfied.

EXHIBIT "A"

In construing a restrictive clause in an instrument affecting real estate, all doubts must be resolved in favor of the free and unrestricted use of the premises, and the restrictive clause must be construed strictly against the party seeking to enforce it. *Baker v. Henderson*, 137 Tex. 266, 153 S.W.2d 465, 470 (1941); *Johnson v. Wellborn*, 181 S.W.2d 839 (Tex.Civ.App.—San Antonio 1944, writ ref'd w. o. m.).

The fact that a subdivision plat was filed of record, depicting the size and number of lots in a uniform plan or scheme, does not, in itself, constitute a basis for prohibiting the resubdivision of such lots into smaller parcels. *MacDonald v. Painter*, 441 S.W.2d 179 (Tex.1969). Since it is undisputed that the location of the additional residences on the parcel of land in question will not impair minimum building site clearances as specified in the restrictions, the proposed resubdivision of the plaintiffs' lots does not violate the terms of the restrictions. *Head v. Thomason*, 430 S.W.2d 369 (Tex.Civ.App.—Eastland 1968, writ ref'd n. r. e.).

The trial court erred in denying the plaintiffs' motion for summary judgment and in granting that of the defendants. This court must, therefore, render such judgment as the trial court should have rendered. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958).

The trial court's judgment is reversed, the defendant's motion for summary judgment is denied, and judgment is here rendered granting the plaintiffs' motion for summary judgment.