Green et al. *v.* Oakes.

---

JOHN GREEN *et al.*, Appellants, *v.* HENRY OAKES, Appellee.

APPEAL FROM SCOTT.

The remedy by injunction to prevent the obstructing of a public highway, is effective, and where the facts are easy of ascertainment and the rights resulting therefrom free from difficulty, equity will grant relief, at the suit of the public, or of the citizen having an immediate interest therein.

Where a public road has been used for twenty years, the owner of the land over which it passes acquiescing therein, the law presumes a dedication.

Green et al. *v.* Oakes.

On the 23rd day of November, 1853, Thomas Green and Ellery M. Merris, filed their bill in chancery with reference to a plat prefixed, alleging their ownership and occupancy of certain lands, and that they were deeply interested in the uninterrupted and undisputed use of a public highway, indicated by said plat, running east and west, "that had been used by the public for upwards of twenty years," and that Oakes had avowed his purpose to obstruct the same, by fences and gates, at two different points.

Injunction was granted on the bill.

Oakes filed his answer, alleging that the court had no jurisdiction; that complainants had adequate relief at law; that bill is subject to demurrer and ought to be dismissed, because it did not allege that the highway had been legally laid out and established; and that Oakes as owner of the land had been paid for the right of way. Denies that the road had been established 20 years, or that there was any prescriptive right to it, &c., &c.

Replication filed to answer, when Oakes entered a motion to dissolve the injunction, which was continued on affidavits, that the road had been established, worked upon and used by the public for more than 20 years, before commencement of suit.

Three witnesses for complainants testify, that for more than 20 years they resided within a mile of the road in controversy; that the road was opened about 1829, with the assent of the owners of the land over which it passed; that for more than 20 years before the institution of the suit, the road had been worked upon, and used by the public; that it was essential to the public convenience, and that the obstruction of it would be injurious to the interests represented by appellants, and that they had understood that Oakes threatened to obstruct it.

Bill dismissed October term, 1855, and appellants decreed to pay costs.

Errors assigned:

1st. That bill was dismissed.

2nd. That the relief asked for in the bill ought to have been accorded by the court below.

D. A. SMITH and N. M. KNAPP, for Appellants.

M. McCONNEL and J. GRIMSHAW, for Appellee.

SKINNER, J. This was a bill in chancery to enjoin against obstructing a public road.

The bill alleges that the road has been used as a public highway, with the knowledge and consent of the owners of the land over which it runs, without interruption, for more than twenty

years, and has been worked and kept in repair for many years as one of the common highways of the county of Morgan; that complainants are owners of and occupy lands adjoining the road and that its free use is necessary to the enjoyment and use of their land, and that the respondent is about to fence up the road and deprive them of the use thereof.

The answer denies that the road is a public highway, or has been used as such for twenty years.

We are satisfied that the evidence establishes that the road has been used as a common public highway of the county, with the knowledge and acquiescence of the owners of the land over which it runs, for more than twenty years, and that it has been treated, by the authorities having jurisdiction of roads, as one of the public roads of the county. If equity will grant relief by injunction in favor of an individual interested against one about to shut up the road, and it is one of the public highways of the county, then the Circuit Court should have made the 'injunction perpetual, instead of dismissing the bill.

Although courts of equity will not interpose by injunction to prevent an obstruction of an alleged easement or way, or the creation of a nuisance or purpresture, when the right is doubtful and there is remedy at law; yet where the right is clear and appertains to the public, and an individual is directly and injuriously affected by the obstruction of the easement, or the creation of the nuisance, they will interfere on the application of such individual to prevent the threatened wrong or invasion of the common right.

In such case, equity can give complete remedy—prevent irreparable mischief, and that continuous and vexatious litigation, that would arise out of resort to the remedies afforded at law.

Obstructions to public highways are public nuisances, and private persons accustomed to use them, as well as the public, are interested in the prevention and removal of such obstructions.

The remedy by injunction is perfect, and while it protects one from the injury, all are alike benefitted without the expense, delay and multiplicity of actions incident to redress at common law; and where the facts are easy of ascertainment, and the rights resulting therefrom free from difficulty, equity will grant relief, either at the suit of the public or of the citizen, having an immediate interest therein. 2 Story's Eq. Com., Secs. 923, 924, 925, and cases there cited; *Corning* v. *Lowerre*, 6 John. Ch. 439; *Hills* v. *Miller*, 3 Paige's Ch. 254; ibid. 213; 4 ibid. 510; 6 ibid. 83; 6 ibid. 554.

Where a public road runs across private property, and is used by the public as a common road without interruption for twenty

years, the owner acquiescing in such user, the law presumes a dedication of the ground upon which the road runs, to the use of the public, for such purpose.

Whether this presumption is liable to be rebutted, or is conclusive as a prescriptive right, is not necessary for the purposes of this case to decide. 3 Kent's Com. 442, 443, 444, 450, 451; *Willoughby* v. *Jenks*, 20 Wendell 96; *Conner* v. *New Albany*, 1 Blackf. 43; *Brown* v. *Manning*, 6 Ohio 129; *Gowen* v. *The Philadelphia Exchange Company*, 5 Watts and Serg. 141; *Hobbs* v. *Inhabitants of Lowell*, 19 Pick. 405.

The decree is reversed and the cause remanded with direction to the Circuit Court to enter a decree making the injunction perpetual.

Reversed and remanded.

*Decree reversed.*