## ROBERT PATTERSON

### *v.*

## THE CHICAGO, DANVILLE & VINCENNES RAILROAD CO.

1. INJUNCTION — *enjoining railway company from using its road until damages are assessed.*   In case of a claim of consequential damages to land on account of the operating of a railroad, where no part of the land claimed to be affected is taken for the use of the road, a bill in chancery will not be entertained to enjoin the use of the railroad until such damages are paid or assessed.

2. SAME — *operating railroad in public street without license.*   The fee of streets being in the city where they are located, and the city having the power to control and regulate their use, a court of equity will not, at the suit of an individual, enjoin a railway company from operating its road laid in the street without the permission of the city, but will leave the redress to the public authorities. .

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. McDAID, WILSON & PICHER, for the appellant.

Mr. HENRY CRAWFORD, and Mr. SAMUEL P. McCONNELL, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, brought by the appellant against the Chicago, Danville & Vincennes Railroad Company, to enjoin its operation until compensation shall be made for damages caused to appellant's property by reason of the operation of the railroad.   The bill sets forth that appellant is the owner of lots 14 and 15 in block 13, Carpenter's addition to Chicago, which he purchased many years ago, and built a house thereon, and occupied the same for a homestead for himself and family; that the railroad company, on or about September

15th, 1872, commenced laying a side track from the main track of the Chicago, Columbus & Indiana Central Railroad Company, through certain blocks in the city of Chicago; that the work was commenced on Saturday night, and continued through the Sabbath, or a portion thereof, and that, on Monday morning following, the track had been laid opposite the premises of appellant, crossing Curtis street, on which his lot and house fronted, close to his dwelling, thence running along the entire length of his lot and within from three to twelve feet of the dwelling of appellant. The track was put down upon lot 11, a lot belonging to the company, being twenty-four feet wide, and immediately north of and adjoining appellant's premises. That, in consequence of the laying of the track and the operating of the railroad, appellant's property was greatly damaged, and to an extent equal to one-half its former value, in consequence of steam, smoke and cinders from passing freight trains, and exposure to the danger of fire, and the constant vibration caused by passing trains, and the bill prays for an injunction restraining the railroad company from operating their cars on said track, until it shall compensate appellant for such damage. The bill was filed September 23, 1873.

The court below sustained a demurrer to the bill, and dismissed the same.

So far as respects the claim on account of damage, the demurrer was rightly sustained, according to a decision of this court at the present term in the case of *Stetson* v. *The Chicago & Evanston R. R. Co., ante,* p. 74, where it was held that, in case of a claim of consequential damages to land on account of the operation of a railroad, where no part of the land claimed to be affected was taken for the use of the road, a bill in chancery would not be entertained to enjoin the use of the railroad until such damages should be paid or assessed. We regard that decision as covering the whole ground of the present bill, as respects damages, and it must control.

A further ground of complaint in the bill is, that the railway

590          PATTERSON *v.* CHI., DAN. & VIN. R. R. CO.   [Sept. T.

Opinion of the Court.

company has not been granted power by the common council of Chicago to cross Curtis street, upon which appellant's lot and house front. The question is raised upon the construction of an ordinance of the common council which gives the right to the company to lay down railroad tracks on any ground it may own or acquire within a certain defined district and across any streets therein, " and also all such. as may be necessary to the convenient use of any depot grounds said company may now own, or hereafter acquire in the vicinity of or adjoining said line of road."

The side track in question was laid for the purpose of reaching the freight depot and switch yards which are located in block 14, Carpenter's addition, a block next adjoining on the south, block 13, where appellant's premises are situate.

The point at which the track crosses Curtis street, in approaching from the north this freight depot, is outside of the limits of the defined district. The claim is, that, upon the principle of strict construction, the company must be confined within the limits of the defined district. Without undertaking any discussion of this question, it is sufficient to say that the fee of the streets is in the city, and it has the power to control and regulate their use, and any such excess of authority in the use of a street as is here claimed, must be left to be redressed by the public authority; and equity should not, in such case, at the suit of a private individual, enjoin the operating of a railroad.

The decree of the court below is affirmed.

*Decree affirmed.*