## Margaret Bez

v.

## Chicago, Rock Island & Pacific Railway Company

### ET AL.

| 23  137|
| 58  458|

*Railroads—Authority to Lay Tracks in Street—Ordinance—Absence of Requisite Petition of Owners of Abutting Property—Injunction.*

Where, by law, a petition signed by the owners of more than half of the street frontage is requisite to the validity of an ordinance granting the privilege to any railroad company to lay down its track in any street abutting the property of such owners, a bill lies by them, or any of them, to enjoin the laying down of such tracks under an ordinance passed in the absence of the petition of the requisite number.

[Opinion filed May 27, 1887.]

Appeal from the Circuit Court of Will County; the Hon. Dorrence Dibell, Judge, presiding.

Messrs. J. T. Donahoe and Benjamin Olin, for appellants.

" Obstructions to public highways are public nuisances, and private persons accustomed to use them, as well as the public, are interested in the prevention and removal of such obstructions. The remedy by injunction is perfect, and while it protects one from the injury, all are alike benefited without the expense, delay and multiplicity of actions incident to redress at common law, and where the facts are easy of ascertainment, and the rights resulting therefrom free from difficulty, equity will grant relief, either at the suit of the public or of the citizen having an immediate interest therein." Green v. Oakes, 17 Ill. 249; Craig v. The People, 47 Ill. 487, 496; Hickey v. C. & W. I. R. R. Co., 6 Ill. App. 172, 185, and cases there cited.

Where the city authorities have legally authorized a railroad track to be laid in a street the fee of which is in the city, a court of chancery will not enjoin the laying down or use of such track at the instance of an adjoining lot owner.

But in the case at bar no legal authority was given by the city authorities or by the owner of the fee of the street to lay down the proposed railroad tracks complained of.

Messrs. SNAPP & SNAPP and JAMES C. HUTCHINS, for appellees.

It has become almost an axiom in the jurisprudence of this State that a railroad acting under the provisions of an ordinance can not be enjoined from constructing a track in the street, the fee of which is in the city, upon the suit of an abutting, or any other owner. The damages in such case are consequential. They may or may not follow, and the remedy is exclusively at law. Stetson v. C. & E. R. R. Co., 75 Ill. 74; Patterson v. C., D. & V. R. R. Co., 75 Ill. 588; McGinnis v. C., B. & Q. R. R. Co., 79 Ill. 269; Truesdale v. Grape Sugar Co., 101 Ill. 561; P. & R. I. R. R. Co. v. Schertz, 84 Ill. 135 ; Mills v. Parlin, 106 Ill. 60.

LACEY, J. This was a bill filed by the appellants against the appellee to enjoin them from laying a certain railway track hereafter mentioned in and upon certain streets in the City of Joliet, in Will County. The court below granted a temporary restraining order without bond but only for such time as the court will hear the application for injunction as prayed for in the bill in open court. The appellees afterward demurred to the bill. The appellees severally afterward moved to dissolve the injunction, and on the 30th January, 1886, the court sustained the demurrer to the bill and appellees filed a suggestion of damages, and the court allowed them $50 each, and dismissed the bill, the appellant standing by her bill, and appeal is taken. The bill shows that appellant was a citizen, property owner and taxpayer within the City of Joliet; that the appellees were corporations under the laws of the State of Illinois; that she was the owner of lot 30 in Matterson's subdivision of block 17 in that part of the City of Joliet known as Bower's addition to Joliet; that the property was situate on Michigan Street in said city, having a frontage on said street of about sixty feet; that on the 17th October,

1885, the City Council of the City of Joliet passed an ordinance granting permission to appellees to lay a connecting track from each of said railway companies' railroad tracks to the other between Van Buren and Jefferson Streets and on Michigan Street, in said city, and said ordinance was signed and approved by the Mayor of the city; that said ordinance was passed by the said City Council without any petition for the purpose, signed by the owners of land of over one-half the frontage, or so much of said street as is sought or proposed to be used for such railroad track purposes, as is required by law; that by reason of such fact said ordinance is void as your oratrix is informed and verily believes and so charges the truth to be, and said council has no authority to pass such an ordinance without such petition. A copy of said petition and ordinance is attached hereto and made a part thereof.

It was further averred that the part of Michigan Street upon which said corporations propose to place said railroad or connecting tracks in accordance with the permission under said ordinance, is fronting the property of your oratrix as her home and place of business; that said Michigan Street fronting her place is a public street in said city and in actual use by the citizens thereof, as well as your oratrix; that the said street is the only means of ingress and egress to and from the property of your oratrix on said street, and if said track is laid as proposed, it will render said street practically worthless to your oratrix and be of a continual and everlasting damage; and that no steps have been taken to condemn the property about to be injured nor has any compensation been ascertained, paid, or offered by said corporations to your oratrix for the injury about to be inflicted upon her by the laying of said tracks. And the said complainant further avers that the said appellees, under and by virtue of said ordinance, are about to lay said connecting track and will do so at once unless restrained by order of this court. And appellant further averred that said Michigan Street fronting along the line of the said connecting track on either side of the said street is owned by the said appellees, the petitioners or either of them. Upon which grounds an injunction was prayed. The section of the statute

relied upon by appellant to sustain her action is as follows: "The City Council or Board of Trustees shall have no power to grant the use of, or right to lay down, any railroad tracks in any street of the city, to any steam or horse railroad company except upon the petition of the owners of the land representing more than one-half of the frontage of the street or so much thereof as is sought to be used for railroad purposes." Item 90, Art. 5, Chap. 24, R. S., Cities and Villages.

It is contended by appellees that a railroad acting under the provisions of an ordinance can not be enjoined from constructing a track in a street, the fee of which is in the city, upon the suit of an abutting, or any other owner. "The damages in such cases are consequential;" that the remedy is at law, citing Stetson v. C. & E. R. R. Co., 75 Ill. 74, and other cases; and that the face of the bill shows that the fee of Michigan Street is in the city. The demurrer admits the fact set up in the bill, and from that it results that the city ordinance granting the privilege to appellees to connect their lines of railroad track and to occupy a portion of Michigan Street was in our opinion void for the want of "a petition of the owners of the land representing more than one-half of the frontage of so much of the street as the appellees sought to use for railroad purposes." It was averred that appellant was the owner of more than one-half of such frontage. The ordinance was in direct violation of the statute. There being no permission of the city to lay down the track, we think the authorities cited do not apply, for in each of those cases the railroads had legal permission to construct their track or were about to get such permission. In this case the city had no authority, without the petition of appellant, to grant permission. In cases like this, we think, although the fee of the street may be in the city, yet the city, having no power to grant the privilege, the appellant had a right to file this bill in equity to prevent the erection of a nuisance in the public highway opposite her premises, and which closed out her ingress and egress in a great measure to and from the front of her property as is stated in the bill, rendering her property practically worthless. Green v. Oakes, 17 Ill. 249; Craig v. People, 47 Ill. 487, 496; C. & W. I. R. R.

Co. v. Dunbar, 100 Ill. 110. The point that arose in the last case above cited and decided by the court, that the statute did not apply where the railroad track simply crossed the street and did not run along the street, does not arise here, because in this case the track ran along Michigan Street in a circular line the entire length of the appellant's sixty feet; therefore it falls within the statute. If more authority to support the view we have here presented were needed, it may be found in the opinion of the Supreme Court in Wiggins Ferry Co. v. E. St. L. U. Ry. Co., 107 Ill. 450. In that case the Wiggins Ferry Co. filed a bill in equity similar to the one here filed against the E. St. L. U. Ry. Co. to enjoin it from laying down its railroad track on a street in the City of E. St. Louis. The bill, while admitting that the city had passed an ordinance permitting the railroad company to so lay down the track in the street, averred that the petitioner was the owner of three-fourths of the real estate abutting on the street along which the proposed track was to be laid and it had not petitioned for the passage of the ordinance granting the right of way, nor had it given its consent to the construction of the proposed railroad over the street. Upon filing the bill a temporary injunction was awarded but on final hearing was dissolved.

It appeared that the City of East St. Louis had a special charter which was similar to the section of the cities, town and village act above cited, requiring the consent in writing of three-fourths of the property owners per lineal foot fronting on such streets be first obtained before any arrangement by the city could be made with any street or horse railroad for the use of any street, etc. The Supreme Court, as the court below, held that this provision in the city charter did not embrace any other railroad than a "street or horse railroad," and hence did not apply to the respondent in that case, it being a steam railroad and not a street or horse railroad, and that the act under which the appellee in that case was organized required no such assent. "The only limitation imposed by that act is the assent of the municipality whose street is sought to be used for such purpose" Sec. 20, Chap. 114, R. S. The court then use this signifi-

cant language, which is applicable to the case at bar, as follows: "The general rule unquestionably is, that in the absence of any special statutory provision requiring such assent, it will not be necessary, of course, in towns, cities and villages organized under the general incorporation law which requires such assent, or under special charters containing a provision similar to that in the corporation law, this general rule does not apply, and the assent of the requisite number of the abutting property owners will be required as well as that of the municipality."

The kind of railroad that was meant to be included in said Item, Art. 5, Chap. 24, R. S., above quoted, was clearly indicated and passed upon in the above opinion, if indeed any interpretation were needed to construe words so plain. Steam railroad means any railroad propelled by steam and of course includes appellees' railroads. If the assent " of the owners of the land representing more than one-half of the frontage of the streets, or so much thereof as is sought to be used for railroad purposes," be necessary to enable the city, town or village to grant the privilege to any railroad company to lay down its track in any street abutting the property of such lot owners, it certainly must have been the intention of the Legislature to invest such property owners, or any one of them, with the power to prohibit the laying down such railroad track in the absence of the petition of the requisite number. It was intended that they should be consulted in the manner the statute required, and in case the owners of one-half of such frontage should not petition in writing to the corporation to grant the privilege, then the railroad company could not lay down its track in any event. If it had, under such circumstances, no right against such owners to even lay down its track in the street, it might be enjoined at their suit if it attempted it. It follows, therefore, that the court below should have overruled the appellees' demurrer and they ruled to answer. The decree of the court below is therefore reversed and the cause remanded.

*Decree reversed and remanded.*