# CASES

## FOURTH DISTRICT

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1920.

---

### Alfred Stephens et al., Commissioners of Highways, Appellees, v. Chicago, Burlington & Quincy Railroad Company et al., Appellants.

1. ROADS AND BRIDGES, § 185*—*power to compel removal of overhead obstruction.* Section 58 of chapter 111a of the Revised Statutes [Call. 1920 Stat. ¶ 8686(73)], as to the control of crossings by the Public Utilities Commission, applies to overhead crossings to some extent, but such section does not repeal the statute giving highway commissioners control of highways, and such commissioners may apply for a mandatory injunction to remove an obstruction from the highway at an overhead crossing.

2. STATUTES, § 152*—*repeals by implication not favored.* Repeals of statutes by implication are not favored, and the intention to repeal will not be presumed unless the inconsistency between two statutes is such that both cannot remain in force.

3. ROADS AND BRIDGES, § 185*—*power of highway commissioners to compel removal of overhead obstruction.* Highway commissioners may apply for a mandatory injunction to compel the removal of an obstruction from a highway at an overhead crossing, regardless of the question whether the Public Utilities Commission has control of the crossing.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Stephens v. Chicago, Burlington & Quincy R. Co., 217 Ill. App. 1.

4. ROADS AND BRIDGES; § 193*—*modification of decree for removal of overhead obstruction.* A decree ordering the removal of three rows of posts supporting an overhead railroad bridge, within 60 days, will be modified so as to compel the removal of the center row of posts in 6 months, when it appears that a highway 38.5 feet in width is thus provided and that such highway is ample for the demands of the public.

Appeal from the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded with directions. Opinion filed March 25, 1920.

J. A. CONNELL and W. O. POTTER, for appellants.

HOSEA V. FERRELL and ED M. SPILLER, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill for a mandatory injunction brought by appellees as commissioners of the Town of West Marion of Williamson county, Illinois, against the appellants, Chicago, Burlington & Quincy Railroad Company and Herrin & Southern Railroad Company, in the circuit court of Williamson county. In their bill appellees set forth the existence of a public highway about 50 feet in width crossed by an overhead bridge of appellants at a point about two and one-fourth miles west of the City of Marion in Williamson county; and that appellants, for the purpose of supporting their overhead bridge upon which their railroad passes, have placed in the highway three rows of posts, one row in the center of the highway and an outer row on each side of and parallel with the center row and about 18 feet from it. The bill further charges that these posts obstruct the highway and prays that appellants be ordered to remove them from the highway, and be enjoined and restrained from thereafter maintaining them in the highway. After a hearing a decree was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

rendered ordering the removal of the three rows of posts within 60 days from the date of the decree, and enjoining appellants from thereafter maintaining them. From such decree this appeal has been perfected, the appellants contending that the decree is erroneous because appellees were without authority to bring this action and because it is too broad.

They take the position that by section 58 of chapter 111a of the Revised Statutes [Call. 1920 Stat. ¶ 8686(73)], the Public Utilities Commission is given full and exclusive jurisdiction over and control of all crossings of public highways by railroads, and that the highway commissioners are thereby excluded from all jurisdiction over or control of such crossings; that such commissioners have now no authority to apply to a court of equity for a mandatory injunction to remove an obstruction from the highway at an overhead crossing, but that the only right they have in such cases is to call the attention of the Public Utilities Commission to the matter. Counsel for appellants state in their argument: "We concede that prior to the passage of the Public Utilities Commission Act, the complainants might have filed a bill alleging that the defendants had 'unnecessarily' impaired the usefulness of this highway, but we contend that since then the highway commissioners have no power in the premises, except to call the attention of the Public Utilities Commission to the matter." It is not contended that section 58 of chapter 111a, Rev. St. [Call. 1920 Stat. ¶ 8686(73)] expressly repeals the statute giving highway commissioners control of the highways, but that such repeal follows by necessary implication. Appellees maintain that section 58 applies only to grade crossings and not to overhead crossings. We are of the opinion that the section in question does, to some extent at least, apply to overhead crossings, as paragraph 3 of the section in part reads as follows: "The commission shall also have power by its order to require the reconstruction,

alteration, relocation or improvement of any crossing (including the necessary highway approaches thereto) of any railroad across any highway or public road, whether such crossing be at grade or by overhead structure or by subway.'' We do not, however, agree to the contention that said section necessarily repeals the statute giving highway commissioners control of the highways, to the extent that they cannot maintain an action such as this. The rule is well established that ''Repeals by implication are never favored. The intention to so repeal will not be presumed nor the effect of the repeal be admitted, unless the inconsistency is unavoidable.'' (*Krome v. Halbert*, 263 Ill. 172.) ''Both statutes remain in force, unless they are so repugnant that they cannot operate together.'' (*Hoyne v. Danisch*, 264 Ill. 467; *Galpin v. City of Chicago*, 249 Ill. 554; *Chicago, B. & Q. R. Co. v. Doyle*, 258 Ill. 624.) It does not appear to us that a statute giving the Public Utilities Commission power ''by its order to require the reconstruction, alteration, relocation or improvement of any crossing,'' etc., is so repugnant to a statute giving highway commissioners control over the highway at such crossing that both cannot operate together.

But regardless of that question, there is no doubt that before the passage of the Public Utilities Act the highway commissioners had the authority to remove obstructions from highways. They not only had such authority, but it was their duty to do so, and they could be compelled by mandamus to perform that duty. (*Brokaw v. Commissioners of Highways*, 130 Ill. 482.) Yet under a statute giving commissioners control of the highways and making it their mandatory duty to remove obstructions therefrom, courts of equity often interposed by injunction to prevent such obstructions. ''That courts of equity will interpose by injunction to prevent the obstruction of a public highway where the right is clear and appertains to the public or where

an individual is injuriously and directly affected by the obstruction in a different manner and degree from the public at large, has been held many times by this court." (*Fors v. Anderson*, 270 Ill. 45, citing many Illinois cases.) The right to invoke the aid of a court of equity by a mandatory injunction, under the statute giving the highway commissioners control of the highways and making it their duty to remove obstructions, is not by these authorities in any way made dependent upon whether or not the party seeking such relief had first applied to the highway commissioners. So it seems to us in this case, that even conceding the statute has taken the control of such crossings from the highway commissioners and placed it with the Public Utilities Commission, yet that fact does not prevent any·one interested, whether private citizen or public official, from invoking the aid of a court of equity to remove by mandatory injunction an obstruction, without first applying to the Public Utilities Commission for relief. There would be as much or more reason and justice in requiring under the former statute that application must have first been made to the highway commissioners, as to require under the present statute that application must first be made to the Public Utilities Commission. In the case of *Green v. Oakes,* 17 Ill. 249, the Supreme Court in discussing the right of a private citizen to maintain such an action under the former statute said: "In such case, equity can give complete remedy—prevent irreparable mischief, and that continuous and vexatious litigation that would arise out of resort to the remedies afforded at law. * * * The remedy by injunction is perfect, and while it protects one from the injury, all are alike benefited without the expense, delay and multiplicity of actions incident to redress at common law." We therefore conclude that appellees were entitled to bring this action regardless of the question whether the Public Utilities Commission has, under the statute, control

of the crossing in question to the exclusion of the highway commissioners. We are of the opinion, however, that the relief granted is too broad and the time fixed by the decree for compliance therewith too short.

The evidence shows that it is 19.5 feet from the center row of posts to the row on the north side of the traveled portion of the road, and 19 feet from the center row to the row on the south side of the traveled track. So that if the center row of posts were removed, there would be 38.5 feet of clear space in the traveled portion of the road. Even if this were a grade crossing the railroad would not, under the statute requiring it to place the road in as good condition as it was before, be compelled to make the approaches as wide as the highway itself. The railroad in such case is only required to make its crossings and approaches of such width as is reasonable in the particular case. (*City of Bloomington v. Illinois Cent. R. Co.*, 154 Ill. 539; *Sample v. Chicago, B. & Q. R. Co.*, 233 Ill. 564.) In this case it seems to us that a clear space of 38.5 feet is reasonable and ample to meet all demands of the public as shown by the evidence. The proof further shows that appellants run heavy trains over their road and that to require the removal of all three rows of posts and to substitute a span of strength to carry such trains and of sufficient length to clear the whole street is to place an unnecessary hardship upon appellants. It is also evident that it will require some time to remove even the center row of posts and more time than 60 days should be granted by the decree.

The decree is therefore reversed and the cause remanded with directions to the trial court to enter a decree ordering and directing appellants to remove the center row or tier of posts now in the public highway within 6 months from the date of the decree, and to restore that portion of the public highway to as good condition as it was in at the time the posts were

placed there and perpetually enjoining and restraining appellants from thereafter maintaining said center row or tier of posts in said public highway.

*Reversed and remanded with directions.*