(No. 24636.—

THE GINTER-WARDEIN COMPANY, Appellant, *vs.* THE CITY OF ALTON *et al.* Appellees.

*Opinion filed October 21, 1938—Rehearing denied Dec. 20, 1938.*

ORR, JONES and FARTHING, JJ., dissenting.

J. P. STREUBER, for appellant.

FRANK W. TUNNELL, GREEN, VERLIE & HOAGLAND, and J. F. SCHLAFLY, JR., (C. DANA EASTMAN, of counsel,) for appellees.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

This litigation tests the validity of a contract-ordinance of the city of Alton, which was sustained by the trial court. That court, in accordance with the statute, certified that the validity of a. municipal ordinance was involved and that the public interest required the appeal from its decision to be prosecuted directly to this court, which has been done. To make the situation clear a brief summary of the ordinance and the existing circumstances will be necessary.

As to the circumstances, it appears that the Lewis and Clark bridge across the Mississippi river leaves the city of Alton in a southerly direction from Broadway, being carried on steel supports from that street over a declining terrain for a distance of several hundred feet, the rate of declivity being something in excess of twelve per cent, so that Front street, which roughly parallels Broadway and the river, and which is one block south of Broadway, is twenty-five to thirty feet lower than Broadway. The approach to the bridge at this point is nearly in the center of Langdon street and occupies the whole of that street, which is paved, except that along the east side of Langdon street there is room enough left for the passage of loaded

trucks,—*i. e.*, a space having a width of approximately ten feet between the bridge structure and the curb,—while on the west side of the approach there is a space of only six and eight-tenths feet, which the evidence shows is insufficient to permit trucks to pass.

Appellant, the Ginter-Wardein Company, has a lumber yard on Front street and has always used, and finds it most convenient to use, Langdon street for access to Broadway, which appears to be an important street in the city of Alton. If Langdon street is obstructed at Broadway, trucks delivering merchandise from plaintiff's place of business and the customers coming to that place of business can still go to and from Broadway, but only by traveling an inconvenient and round-about way, this being particularly true as to traffic coming from the south across the bridge or from the north on Langdon street.

In 1935 and 1936 The Young Men's Christian Association of Alton acquired the property to the east of Langdon street between Front street and Broadway, obtaining the same through options taken in the name of a representative of the Standard Oil Company of Indiana, and made a contingent agreement with that company for the erection of a filling station on the corner of Broadway and Langdon. The contingency was that the city of Alton should pass and sustain the ordinance now in question and it has been duly passed.

The title of the ordinance is: "An ordinance granting unto the Young Men's Christian Association of Alton, Illinois, its legal representatives or assigns, the right to construct, build and maintain a concrete covered fill between its property on the east and the present east line of the bridge entrance on the west and extending from the south line of Broadway, Alton, Illinois, to a point approximately ninety feet south of said line." Its preamble recites that the bridge entrance is a hazard which can be reduced by filling the space between the east side of the bridge and the

west property line of the Young Men's Christian Association; that the Young Men's Christian Association has proposed to make this alteration at its own expense and that the city council is convinced that such an improvement will reduce the hazard of entrance to the bridge. Section 1 authorizes and licenses the Young Men's Christian Association to put in a concrete fill in Langdon street, flush with the floor of the bridge for a distance of ninety feet back from Broadway. Section 2 requires the Young Men's Christian Association to grant, by deed, a perpetual easement over "a sufficient portion of the northwest corner of the property owned by them, adjoining Langdon street and east Broadway, so that traffic can pass from the bridge onto east Broadway over said tract of land so burdened with said easement, reaching east Broadway at an angle of not less than forty-five degrees, and with the sufficient provision that the Young Men's Christian Association shall maintain at their own expense not only that portion of Langdon street upon which they construct the concrete and steel construction provided for in section 1 of this ordinance, but shall keep in good repair for the public's use, a concrete slab flush with the level of east Broadway to make traffic and transportation facilities over that portion of the street and over that portion of their property over which an easement is granted to the public, safe, convenient and easy."

Section 3 requires the Young Men's Christian Association to keep the city harmless from all damages caused by the construction and maintenance which is involved and to forever protect the city against claims for damages occasioned by the building operations. It further provides that no construction shall be undertaken until approved by the city engineer, nor prosecuted except under his supervision, and he is given the power to stop the building operations if not in accordance with the agreement. Section 4 requires the Young Men's Christian Association, "within nine months from the date of this ordinance and the granting of this

franchise," to commence the construction involved and to complete the same within ten months of the date of the ordinance and that a failure, in either event, "shall render this franchise null and void," and render the Young Men's Christian Association liable for any damage suffered by the city should the work be commenced and not completed according to the agreement.

Section 5 requires the Young Men's Christian Association, its legal representatives or assigns, within fifteen days from the passage of the ordinance, to accept the same, and that, when accepted, it shall become a valid and binding contract between the city of Alton and the Young Men's Christian Association.

On July 19, 1937, appellant, the Ginter-Wardein Company, filed its complaint in chancery against the city of Alton and the Young Men's Christian Association of that city to enjoin the enforcement of this ordinance and to prevent the obstruction of Langdon street. The details of the pleading are unimportant as the entire matter revolved about the validity of the ordinance. The judgment in the trial court was one dismissing the complaint for want of equity and this appeal was taken.

From the facts as outlined it is apparent (1) that this is not a vacation ordinance but a contract-ordinance, and (2) that it is an effort on the part of the city to grant a part of a public street to a private corporation for private use and profit. The city cites many cases concerning the power of a city council to vacate streets, but it is neither appropriate nor necessary to consider them.

In this State, by statute and judicial decision, there has always been a firm public policy against such a procedure as has here been attempted, and it has always been held that a mere recital in an ordinance of supposed benefits to the city will not be conclusive on the courts as to the true nature of the transaction. Thus, in *People* v. *Corn Products Refining Co.* 286 Ill. 226, we held that while a city has

power to vacate streets and alleys, it is without power to authorize the erection of a permanent overhead bridge across a street to the detriment of others, notwithstanding recitals of supposed benefits contained in the ordinance. In that case we said: "The mere fact that the ordinance recites that 'it is deemed advisable and beneficial to said city and those concerned' to permit the building of the bridge is by no means conclusive on the question as to whether or not the ordinance gives over a public street for private use. The law will look to the substance and not the form used. The city council will not be permitted to do indirectly what it cannot do directly. The substance is not to be lost sight of in the mere use of words. (*People* v. *Atchison, Topeka and Santa Fe Railway Co.* 217 Ill. 594; *Ligare* v. *City of Chicago,* 139 id. 46.) It is evident from the matters set out in the ordinance and its preamble that this bridge was not to be built for public use but solely for the private use of appellant, and the mere recital that it is deemed to be for the benefit of the public, where the ordinance itself shows it is not, will not aid in the contention that the city council, by the passage of such ordinance, acted in the interest of the public or that the purpose of said ordinance was a public purpose."

In the later case of *Gerstley* v. *Globe Wernicke Co.,* 340 Ill. 270, we held that streets and alleys are for the public use and that a city has no power to grant the exclusive use or control of any part of a street to any private person for any private purpose, or to be applied to any private use, and this holding expressly included an easement.

It is urged that the plaintiff should be remitted to an action in damages rather than be permitted to pursue its remedy by injunction. This argument would presuppose the validity of the ordinance because if the ordinance is invalid, as we find it to be, then it purports to authorize an unlawful obstruction in a public street which would be a nuisance *per se.* (*People* v. *Wolper,* 350 Ill. 461; *Stephens*

v. *Chicago, Burlington and Quincy Railroad Co.* 303 id. 49; *Field* v. *Barling,* 149 id. 556; *Gerstley* v. *Globe Wernicke Co. supra; Hibbard, Spencer, Bartlett & Co.* v. *City of Chicago,* 173 Ill. 91.) The power of a court of equity to enjoin the obstruction of a highway has long been recognized and sustained. *Green* v. *Oakes,* 17 Ill. 249; *Nelson* v. *Randolph,* 222 id. 531.

The decree of the circuit court of Madison county is reversed and the cause is remanded to that court, with directions to grant a permanent injunction as prayed in the complaint. *Reversed and remanded, with directions.*

ORR, JONES, and FARTHING, JJ., dissenting.