(No. 26385.—

GREENLEE FOUNDRY COMPANY, Appellee, *vs.* BORIN ART PRODUCTS CORPORATION *et al.* Appellants.

*Opinion filed March 16, 1942—Rehearing denied May 13, 1942.*

FARTHING, J., and MURPHY, C.J., dissenting.

ORR, VAIL, LEWIS & ORR, and SIMON HERR, (WARREN H. ORR, and LOREN E. LEWIS, of counsel,) for appellants.

McNAB, HOLMES & LONG, (ALLAN W. COOK, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Greenlee Foundry Company, filed its complaint in the circuit court of Cook county, seeking to enjoin the defendant, Borin Art Products Corporation and certain other defendants, from constructing a switch-track along Fourteenth street in the town of Cicero, and for a manda-

tory injunction to compel the defendants to remove part of said switch-track already laid.

The plaintiff Greenlee Foundry Company is a corporation engaged in the manufacturing business and an owner of property extending along Fourteenth street from the Baltimore and Ohio Chicago Terminal Railroad Company's right of way to Forty-seventh avenue, a distance of practically one complete block. The property of the plaintiff is bounded on the east by the railroad right of way, on the south by Fourteenth street and on the west by Forty-seventh avenue. On the south side of Fourteenth street and opposite the property of the plaintiff, is the property of Taylor Forge and Pipe Works which occupies a corresponding position on the south side of Fourteenth street. The contemplated switch-track would extend, if completed, from the right of way of the Baltimore and Ohio Chicago Terminal Railroad Company to the property of the defendants, located at Forty-seventh avenue and Fourteenth street, two intersecting streets in the town of Cicero. The defendants rely upon a certificate of convenience and necessity issued by the Illinois Commerce Commission and an ordinance of the town of Cicero, together with the consent of the Taylor Forge and Pipe Works, to use that part of Fourteenth street, which represents the easement which the Taylor Forge and Pipe Works has to the street proper, originally dedicated for street purposes, but the fee to which belongs to the aforesaid company. In the year 1923, a corporation known as the Limits Industrial Railroad Company undertook to lay a similar switch-track down Fourteenth street under the power granted it by the Illinois Commerce Commission in a certificate of convenience and necessity similar to that involved in this case and, also, by reason of the authority of an ordinance granted by the town of Cicero similar to that granted to the defendants in the present proceeding. The Limits Industrial Railroad Company filed a petition in the superior court of Cook county, seeking to

condemn for its right of way a strip of land seventeen feet wide over and along Fourteenth street from the Baltimore and Ohio Chicago Terminal Railroad Company's main track to the property involved in this case. The trial was had and the damages assessed. There were several defendants and among others the Greenlee Foundry Company and the American Spiral Pipe Works. The latter company prayed an appeal to this court, which is reported in the case of *Limits Industrial Railroad Co.* v. *American Spiral Pipe Works*, 321 Ill. 101. The question as to the power of the Illinois Commerce Commission to issue its certificate of convenience and necessity under the circumstances in that case, as well as the validity of the ordinance relied upon, was given full consideration, and it was held that the Illinois Commerce Commission had no power to issue such an order inasmuch as the track was not for a public purpose and the commission had no right to issue an order in favor of a private enterprise. The court in its opinion said: "The terminal company could not have condemned the land either of the foundry company or the pipe works for a track from its railroad to the ten acres in question for the exclusive use of the owners of the tract, for such a track would have been a mere spur-track of the terminal company for a wholly private use [Citations]." The judgment of the trial court in that case was reversed and remanded with directions to dismiss the petition. Later, the Limits Industrial Railroad Company again undertook to and did lay a track along Fourteenth street from the Baltimore and Ohio Chicago Terminal Railroad to the property involved in that case, and which is identical with the property involved here. This tract passed over and along Fourteenth street, a public street in the town of Cicero, and in front of and adjacent to the property of the Greenlee Foundry Company, which brought a suit in ejectment, seeking to compel the Limits Industrial Railroad Company to remove its tracks from

that portion of Fourteenth street in the town of Cicero extending along Fourteenth street and adjacent to the property of the plaintiff. (*Greenlee Foundry Co.* v. *Limits Industrial Railroad Co.* 354 Ill. 11.) As was stated by the opinion in that case the tracks were built between the hours of 6:00 o'clock P.M. on Saturday night and 8:00 o'clock on the following Monday morning. The Limits Industrial Railroad Company again relied upon the power given it by the Illinois Commerce Commission under a certificate of convenience and necessity and an ordinance of the town of Cicero authorizing it to lay the tracks over and along Fourteenth street. The question involved in that case appears to have been whether the street was created by virtue of a statutory or common law dedication, and this court arrived at the conclusion, from the facts in that case, that it was a common law dedication and the fee simple title to the street did not pass to the municipality and the judgment was reversed with directions to enter a judgment in favor of the Greenlee Foundry Company.

The rights of the Borin Art Products Corporation and the other defendants who have joined in this appeal are in no way different from that of the Limits Industrial Railroad Company as pointed out in the two prior decisions. Consequently, it must be held in accordance with the previous adjudication of this court in *Limits Industrial Railroad Co.* v. *American Spiral Pipe Works, supra,* that the purpose is purely a private purpose and the certificate of convenience and necessity issued by the Illinois Commerce Commission is unavailing. Certain cases cited by counsel for the defendant to the effect that a railroad company has a right to build a spur-track to the property of others for a public purpose are without force inasmuch as the facts found in the cited case have negatived that position. This being a private purpose it necessarily follows that the town of Cicero had no power to pass an ordinance authorizing

the use of the street for a purpose purely private in its character. (*Gerstley* v. *Globe Wernicke Co.* 340 Ill. 270; *Chicago, Rock Island and Pacific Railway Co.* v. *People,* 222 id. 427; *Hibbard, Spencer, Bartlett & Co.* v. *City of Chicago,* 173 id. 91.) Where a street has been dedicated by a common law dedication the fee remains in the property owners abutting the street but its use is dedicated to the city in trust for street purposes only. The building of a railroad switch-track upon and along such a street would create an obstruction which would be in violation of the property rights of owners abutting upon said street. Nor would it make any difference because of the fact that it was built upon one side of the street instead of down the middle of said thoroughfare. The duty of the city is as to the whole street and not as to a portion under a common law dedication. *Ginter-Wardein Co.* v. *City of Alton,* 370 Ill. 101; *Gerstley* v. *Globe Wernicke Co. supra.*

It is earnestly contended by counsel for the defendants that the plaintiff has no right to equitable relief by injunction but that it should be relegated to its damages under a common law action. This, however, is not the law. This court in the case of *Ginter-Wardein Co.* v. *City of Alton, supra,* says: "It is urged that the plaintiff should be remitted to an action in damages rather than be permitted to pursue its remedy by injunction. This argument would presuppose the validity of the ordinance because if the ordinance is invalid, as we find it to be, then it purports to authorize an unlawful obstruction in a public street which would be a nuisance *per se.* (*People* v. *Wolper,* 350 Ill. 461; *Stephens* v. *Chicago, Burlington and Quincy Railroad Co.* 303 id. 49; *Field* v. *Barling,* 149 id. 556; *Gerstley* v. *Globe Wernicke Co. supra; Hibbard, Spencer, Bartlett & Co.* v. *City of Chicago,* 173 Ill. 91.) The power of a court of equity to enjoin the obstruction of a highway has long been recognized and sustained. *Green* v. *Oakes,* 17 Ill. 249; *Nelson* v. *Randolph,* 222 id. 531."

An examination of the record discloses that the Baltimore and Ohio Chicago Terminal Railroad Company is itself not attempting to lay this track as a spur-track to be used as part of its system. While it does appear from the record that this railroad company agreed to furnish service after the track in question had been laid and connections made, nevertheless, this effort to lay a· switch-track is not by any legally organized railroad company operating under the laws of the State. Under all the circumstances, as disclosed by the record, we are of the opinion, based largely upon the previous holding of this court in *Limits Industrial Railroad Co.* v. *American Spiral Pipe Works, supra,* that the purpose is purely a private purpose and does not conform to a public use.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

Mr. JUSTICE FARTHING, dissenting:

I cannot agree with this decision. Here, the railroad track is located partly on the south half of Fourteenth street and other land also belonging to Taylor Forge and Pipe Works. No part of it touches the north half of the street that belongs to the Greenlee Foundry Company. The *Limits Industrial Railroad Co.* v. *American Spiral Pipe Works,* 321 Ill. 101, case turned exclusively on the power to condemn land. The statement quoted therefrom, "The terminal company could not have condemned the land either of the foundry company or the pipe works for a track from its railroad to the ten acres in question for the exclusive use of the owners of the tract, for such a track would have been a mere spur-track of the terminal company for a wholly private use," includes the assumption of a fact that is not present here. That assumption was that this track could only be used to serve the owner or owners of the land to which the switch-track led. Certainly in

such a case the track, by the very facts stated in the quoted sentence is one for a private as distinguished from a public use.

This track was built by the defendant in accordance with plans and specifications furnished by the railroad company. It was supervised by the railroad's engineering department, and the plans had been approved by the Commerce Commission. That Commission and the city had consented that the track be laid. By its agreement the railroad was to connect the track and it was to become a part of the railroad.

It is not contended that the use of a street can be permanently granted for private purposes. The use must be for the public, and no corporation or individual can acquire an exclusive right to the use of a street, or any part thereof, for private purposes alone. (*Chicago Dock and Canal Co. v. Garrity,* 115 Ill. 155.) But that case contains a correct statement of the rules under which municipalities may authorize private persons to construct switch-tracks on public streets. It is: "But we have held that there may be a grant to private individuals of the right to lay tracks in the streets connecting with public railway tracks previously laid, and extending to the manufacturing establishments of those laying the tracks; but in such cases the tracks so laid become, in legal contemplation, to all intents and effects, tracks of the railway with which they are connected, and open to the public use and subject to the public control in all respects as other railway tracks open to public use. We have not regarded the circumstances that they were laid with private funds, and that they terminated opposite, or within convenient contiguity of, a private manufacturing establishment, as materially affecting them, and giving a private character to their use. All termini of tracks and switches are more or less beneficial to private parties, but the public character of the use of the tracks is never affected by this. If they are open to the public use indiscriminately,

and under the public control to the extent that railroad tracks generally are, they are tracks for public use. It may be, in such cases, that it is expected, or even that it is intended, that such tracks will be used almost entirely by the manufacturing establishment, yet if there is no exclusion of an equal right of use by others, and this singleness of use is simply the result of location and convenience of access, it cannot affect the question." That same rule has been applied in *Truesdale* v. *Peoria Grape Sugar Co.* 101 Ill. 561; *Mills* v. *Parlin,* 106 id. 60; *McGann* v. *People,* 194 id. 526; *People* v. *Blocki,* 203 id. 363; *People* v. *Marshall Field & Co.* 266 id. 609; *Van Oven* v. *Chicago, Burlington and Quincy Railroad Co.* 317 id. 334; *Alton Railroad Co.* v. *Commerce Com.* 368 id. 584.

Here, the use of this track by the public was not prohibited. Can it be contended the railroad could not set a cut of cars on the switch temporarily, if its convenience or necessities required that to be done or that such cars had to be loaded only with merchandise belonging to defendants? It certainly could not.

This opinion utterly ignores point 2 of appellants' brief. That contention is that the validity of an ordinance which grants the use of a public street for a switch-track cannot be collaterally attacked by an adjacent land owner whose fee is not encroached upon. Such a proceeding to question that validity must be instituted by the Attorney General, State's Attorney or the city. Among the sixteen cases cited to support this is *Doan* v. *Lake Street Elevated Railroad Co.* 165 Ill. 510, which was last cited with approval in *Carstens* v. *City of Wood River,* 344 Ill. 319, at p. 322. In the *Doan case* at page 521 we quoted with approval from *Patterson* v. *Chicago, Danville and Vincennes Railroad Co.* 75 Ill. 588, as follows:

"The claim is, that, upon the principle of strict construction the company must be confined within the limits of the defined district. Without undertaking any discus-

sion of this question, it is sufficient to say that the fee of streets is in the city, and it has the power to control and regulate their use, and any such excess of authority in the use of a street as is here claimed must be left to be redressed by the public authority, and equity should not, in such case, at the suit of a private individual, enjoin the operating of a railroad."

We then continued with reference to the *Patterson case,* "This case has been often cited with approval in later cases. Where the use of the street has not been legally authorized, as held in *McCartney* v. *Chicago and Evanston Railroad Co.* 112 Ill. 611, *Hunt* v. *Horse and Dummy Railway Co.* 121 id. 638, *Chicago, Burlington and Quincy Railway Co.* v. *City of Quincy,* 136 id. 489, and *Metropolitan City Railway* v. *City of Chicago,* 96 id. 620, an information in chancery by the Attorney General or State's Attorney on behalf of the People, or, as in the last named case, a bill for injunction by the city, affords a proper and complete remedy. If, as contended, the abutting owner can also maintain a bill on the same ground,—that is, that the building of the road is without the valid consent of the city,—then the language in the *Patterson case,* 'and any such excess of authority in the use of a street as is here claimed must be left to be redressed by the public authority,' must be overruled and the authorities above cited as to the remedy by the Attorney General or city qualified."

The illegal use of public property can only be complained of by the People. If a private individual attempts to maintain a suit to enjoin a breach of public trust, in the absence of statutory authority, he must show that he is specially injured thereby. *Carstens* v. *City of Wood River, supra.*

The rule is so well settled as to be almost elementary that a private person cannot sue for damages or for an injunction or to abate the encroachment because of an alleged improper use of a street or an obstruction therein,

unless the injury he has sustained is special as distinguished from injuries sustained by the public at large. As a condition precedent thereto to an action by an abutting owner or a private person for damages or to restrain or abate an unlawful use or obstruction of a street, it must distinctly appear in a manner susceptible of proof that he has suffered special damages and in a manner different in kind and not merely in degree, from the general public. On the other hand, one is not specially injured as a matter of law, merely because his property abuts on an obstruction, as above stated, the view of the law is that it is not the extent but the nature of the injury sustained that determines the existence or non-existence of a special injury. However, the injury must be substantial in character although it need not be considerable in amount.

The Greenlee Foundry Company failed to prove such special damage. It had access to its plant over Thirteenth street from Cicero avenue, thence along the north side of its land to the railroad, or, it could come off Thirteenth street along Forty-seventh avenue which bounded its entire property on the west and then could turn east on Fourteenth street which bounded its entire property on the south. Fourteenth street is sixty-six feet wide; and the switch-track is laid only in a part of that street. The track lies south of the center line of Fourteenth street and does not encroach upon the foundry company's fee in the street. It cannot be presumed that the railroad would defy the public authorities and break the law by unduly obstructing Fourteenth street in switching operations or by leaving cars on that part of the track on Fourteenth street for more than the required length of time to get them delivered.

I do not think that either the decision in the condemnation suit, *Limits Industrial Railroad Co.* v. *American Spiral Pipe Works,* 321 Ill. 101, or the ejectment suit, *Greenlee Foundry Co.* v. *Limits Industrial Railroad Co.* 354 Ill. 11, can be broadened in their scope so as to empower this

504

foundry company to maintain this mandatory injunction suit. To do so will require the reversal of many decisions. The Greenlee Foundry Company has its switch-track to its plant from the railroad. It is not harmed in any way by the track here in question. The district is wholly industrial and appellants, I believe, are unjustly deprived of their rights.

Mr. CHIEF JUSTICE MURPHY, also dissenting.